UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILLO MENDES ROCHA<br>(A-Number 210-206-915),<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>　　　　　　Respondents. | Case No.  1:26-cv-03096-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' MOTION TO DISMISS THE PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Docs. 1, 4)<br><br>**14-Day Objection Period** |

Petitioner Danillo Mendes Rochas ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action on April 23, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Detention Center in California City.  (Doc. 1).

Respondents are Christopher Chestnut (Warden of the Golden State Annex Detention Facility), Todd Lyons (ICE Director), Markwayne Mullin (Secretary of Homeland Security), and Todd Blanche (United States Attorney General) (collectively, "Respondents").  *Id.* ¶¶ 9-12.

For the reasons set forth herein, the undersigned recommends that Respondents' motion to dismiss for failure to exhaust administrative remedies be granted and Petitioner's petition for writ of habeas corpus be dismissed without prejudice.

*///*

## I.    Relevant Background

The relevant facts are taken from the parties' respective briefings.  *See* (Docs. 1, 4, 6). Petitioner alleges that he has been detained in continuous immigration custody since March 12, 2026, and that although he was afforded a bond hearing, DHS failed to justify his continued custody using constitutionally permissible standards in violation of Petitioner's constitutional and statutory rights.  (Doc. 1 ¶¶ 1-2, 13-14).  Petitioner alleges that DHS does not claim that he is subject to mandatory detention and that, at a custody redetermination hearing on March 27, 2026, an immigration judge ("IJ") denied bond without finding that DHS had established flight risk by clear and convincing evidence.  *Id*. ¶ 14.  Petitioner asserts that he did not appeal the IJ's bond denial to the Board of Immigration Appeals ("BIA").  *Id.* ¶ 15.

## II.    Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III.    Discussion

### A.    Exhaustion Governing Authority

"Section 2241 … 'does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.'"  *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)).  The Ninth Circuit, however, requires that, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative

2

remedies before seeking relief under § 2241." *Castro-Cortez*, 239 F.3d at 1047 (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). "Under the doctrine of exhaustion, 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted.'" *Laing*, 370 F.3d at 997-98 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). "Exhaustion can be either statutorily or judicially required.  If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Id.* at 998 (citing *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 746 (9th Cir. 1991); *Stratman v. Watt,* 656 F.2d 1321, 1325-26 (9th Cir. 1981)). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered…. Lower courts … [must] first determin[e whether] the exhaustion requirement has been satisfied or properly waived." *Id.* (internal citations omitted); *see Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.").

Where a petitioner fails to exhaust his administrative remedies, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

**B.    Analysis**

Respondents move to dismiss the petition for failure to exhaust administrative remedies, contending that Petitioner, who is detained pursuant to 8 U.S.C. § 1226(a), elected not to exercise his right to appeal the IJ's bond order to the BIA such that he has not exhausted his remedies, and the petition should be dismissed.  (Doc. 4 at 1, 2).  Respondents further argue that Petitioner has not met his burden of demonstrating that the bond hearing he received was constitutionally defective. *Id.* at 2.

As noted above, Petitioner alleges that he did not appeal the IJ's bond denial to the BIA. (Doc. 1 ¶ 15).  Petitioner alleges and argues in opposition to Respondents' motion to dismiss that any prudential exhaustion requirement should be excused "because a BIA bond appeal cannot

3

provide timely relief from the ongoing deprivation of [his] liberty." *Id.*; *see* (Doc. 6).

Whether the prudential exhaustion requirement should be waived turns on the three-factor test identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and forestall the need of judicial review." *See Gagik T. v. Chestnut*, No. 1:26-cv-02839-MWJS (HC), 2026 WL 1216897, at *2 (E.D. Cal. May 4, 2026) (citing *Hernandez*, 872 F.3d at 988).

Having considered and weighed the *Puga* factors, the undersigned finds that the prudential exhaustion requirement should not be waived. *Laing*, 370 F.3d at 997-98.   First, it is undisputed that Petitioner received a bond hearing pursuant to § 1226(a) before an IJ, was denied bond, and chose (in lieu of appealing the IJ's decision to the BIA) to seek relief in the first instance before this Court.  Petitioner's allegations that bond was denied based on the IJ's "speculation regarding the viability of relief" (*see* Doc. 1 ¶ 2) is conclusory and unsupported by any alleged facts sufficient to permit an inference of any defect in the bond hearing.  That neither Petitioner nor Respondents filed any transcript or record of the bond hearing or the IJ's bond denial order indicates that agency expertise may be necessary to generate a further record for decision.  *See Hernandez*, 872 F.3d at 988; *Ruslanov v. Warden*, No. 1:26-cv-01459-JLT-EGC (HC), 2026 WL 1362961, at *2 (E.D. Cal. May 15, 2026) ("Petitioner takes issue with the findings of the [IJ] in his denial of bond. … Such issues could be fairly resolved by the [BIA], and in fact, reviewing the [IJ's] decision is a primary function of the [BIA]."); *cf. Shiv Vig v. Albarran*,  No. 1:26-cv-1252-DAD-JDP (HC), 2026 WL 1346686, at *2 (E.D. Cal. May 14, 2026) (finding first *Puga* factor does not weigh in favor of finding exhaustion prudential where "[t]he [IJ] provided a written decision, and respondents have lodged an audio recording of the bond hearing[.]"); *Gagik. T.*, 2026 WL 1216897 at *2 (IJ written bond decision filed in case).  Thus, the first *Puga* factor weighs against waiver of the prudential exhaustion requirement.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *Hernandez*, 872 F.3d at 988; *see, e.g., Okoth v. Kaiser*, No. 1:25-

cv-1936-KES-SAB (HC), 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026) (finding that the second *Puga* factor weighed against waiver of the prudential exhaustion requirement where "petitioner has not established at this point that [BIA appeal procedures] would be constitutionally inadequate as applied to him"); *Ruslanov*, 2026 WL 1362961, at *2 ("relaxing the exhaustion requirement would encourage detainees denied bond to immediately bypass the Board and proceed to federal court"); *Shiv Vig*, 2026 WL 1346686, at *2 (same).

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.  Here, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by Petitioner.  *See Martinez*, 2025 WL 2689844, at *5 (citation omitted); *Ruslanov*, 2026 WL 1362961, at *2.  Therefore, the third *Puga* factor weighs against waiver of the prudential exhaustion requirement.

Accordingly, the *Puga* factors support the finding that Petitioner has failed to exhaust his administrative remedies.  "Even where the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Gagik T.*, 2026 WL 1216897, at *3 (citing *Hernandez*, 872 F.3d at 988).  Petitioner's argument that exhaustion should be waived as futile because the administrative process of appealing to the BIA would "come too late to be meaningful" fails to demonstrate that the available administrative remedy—an appeal to the BIA—is inadequate or would be a futile pursuit.  *Shiv Vig, e.g.*, 2026 WL 1346686, at * 3 ("petitioner has not demonstrated that the court should waive the exhaustion requirement on the basis that exhausting would delay relief.").

Because Petitioner does not demonstrate that the exhaustion requirement should be waived, the undersigned will recommend Respondents' motion to dismiss be granted and Petitioner's petition be dismissed without prejudice. *Hernandez*, 872 F.3d at 988; *Okoth*, 2026 WL 45199, at *4 (dismissing petition for failure to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

**IV.**     **Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss the petition for failure to exhaust administrative remedies (Doc. 4) be GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) be DISMISSED without prejudice.

3. The Clerk of the Court be DIRECTED to enter judgment in favor for Respondents and to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 26, 2026**                        _____
                                                 UNITED STATES MAGISTRATE JUDGE

6