**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DANILLO MENDES ROCHA (A-Number 210-206-915),

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

No. 1:26-cv-03096 JLT CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENTS' MOTION TO DISMISS THE PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

(Doc. 7)

Danillo Mendes Rochas is a federal immigration detainee. He initiated this action by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 on April 23, 2026, while in custody of Immigration and Customs Enforcement at the California City Detention Center in California City. (Doc. 1.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On May 26, 2026, the assigned magistrate judge issued findings and recommendations to grant Respondents' motion to dismiss the petition without prejudice for failure to exhaust administrative remedies. (Doc. 7.) The Court served the findings and recommendations on all parties and Petitioner timely filed objections. (Doc. 8.) On July 28, 2026, Petitioner filed a supplemental brief to his objections. (Doc. 9.)

In his objections and supplemental brief, Petitioner objects to the findings and

recommendations for the same reasons advanced in his earlier filings, to wit, that the prudential exhaustion requirement should be excused and that his petition properly challenges the constitutional adequacy of the process used to continue his detention. (*Id.*; *see also* Docs. 1, 6, 9.) Petitioner argues in his supplemental brief that delays in his immigration proceedings that postdate the findings and recommendations further support his argument that the prudential exhaustion requirement should be waived. (Doc. 9 at 5-7.) He also appears to now advance, for the first time, a prolonged detention claim. (*Id.* at 8–12.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Petitioner's objections and supplemental brief, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

The Petition leaves many things entirely unclear. Most notably, it fails to provide any specificity to support Petitioner's contention that the bond hearing he received on March 12, 2025 was constitutionally infirm or otherwise unlawful. He claims the IJ applied an improper burden of proof but fails to provide any legal or factual basis to find that he was entitled to a different burden of proof. For example, the petition is devoid of any information about how and when Petitioner came to reside in the United States and the circumstances that led to his detention (or re-detention). The only clue Petitioner gives in this regard is contained in his supplemental brief, filed after the findings and recommendations issued, which discuss an Immigration Judge's finding that DHS "will have to produce Petitioner's former spouse as a live witness in order to carry its burden." (Doc. 9 at 1.) This suggests, without any specificity, some kind of marriage fraud proceeding is ongoing. But apart from generically citing cases that concern petitioners in totally different circumstances, Petitioner does not explain why he is entitled to a different kind of bond hearing.

Likewise, the Petition asserts in a conclusory fashion that the IJ "denied bond based on speculation regarding the viability of relief." (Doc. 1, ¶ 2.) Faced with findings and recommendations that indicate the allegations regarding the bond hearing are "conclusory and unsupported by any alleged facts sufficient to permit an inference of any defect in the bond

hearing," (Doc. 7 at 4), Petitioner did not expand on his theory of the case but instead doubled down on his right to be vague, demanding instead that Respondents produce the bond hearing transcript or audio. (Doc. 8 at 2.) Petitioner fails to appreciate that in any habeas case, the petitioner bears the initial burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[1] These failures lead the Court to agree with the magistrate judge (Doc. 7 at 4–5), that prudential exhaustion should not be waived. If there was any error at the bond hearing, it is not clear why such error(s) are of a nature that cannot be addressed through administrative review.

Finally, as mentioned, Petitioner now appears to be attempting to advance a prolonged detention claim, set forth for the first time in his supplemental brief. (*See* Doc. 9.) This is not an appropriate way to raise a new claim. Though Petitioner requests leave to amend the Petition, and the Court should generally give such leave "freely," it need not do so if amendment would be futile. 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). As Petitioner acknowledges in his supplemental brief, any prolonged detention claim would be subject to evaluation under *Mathews v. Eldridge*, 424 U.S. 319 (1976). (Doc. 9.) Individuals requesting a <u>second</u> bond hearing under that caselaw face an uphill battle. *See, e.g., L.E. L.L. v. Wofford*, No. 1:26-CV-01464 JLT FJS, 2026 WL 3103474, at *1 (E.D. Cal. Oct. 16, 2026). Petitioner fails to struggle with the relevant authorities and instead erroneously cites remedies available under *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), which apply only to petitioners with final orders of removal.

Finally, Petitioner's supplemental brief, filed July 28, 2026, relies in large part on the fact that, as of that date, no further hearings were set in Petitioner's case. (*Id.* at 1–2.) A routine check

---

[1] In evaluating the factors identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), related to exhaustion, the findings and recommendations reasoned: "That neither Petitioner nor Respondents filed any transcript or record of the bond hearing or the IJ's bond denial order indicates that agency expertise may be necessary to generate a further record for decision." (Doc. 7 at 4.) Petitioner makes much of this statement, arguing that the magistrate judge's reasoning rested "largely on the absence of a written bond order, transcript or audio" from his bond hearing. (Doc. 8 at 2.) The Court does interpret the findings and recommendations that way; instead, the Court considers the absence of non-conclusory allegations about the bond hearing to be the primary basis for finding exhaustion should be required here.

of the EOIR Database[2] indicates that Petitioner now has a hearing scheduled for November 20, 2026. For all these reasons, the Court finds dismissal without prejudice for failure to exhaust is appropriate.[3]

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 26, 2026 (Doc. 7) are **ADOPTED** in full.
2. Respondents' motion to dismiss the petition for failure to exhaust administrative remedies (Doc. 4) is **GRANTED**.
3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
4. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Respondents and close this case.

IT IS SO ORDERED.

Dated: November 12, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[2] *Available at*; https://acis.eoir.justice.gov/en/caseInformation

[3] Counsel is reminded of his obligations under Rule 11 to only advance claims that are supported in law and fact.